# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AIMEE LYNN O'NEIL, <br><br>   Petitioner <br> v. <br><br> WELD COUNTY, <br><br>   Respondent | Case No. 2:20-cv-00655-JAD-EJY <br><br> **Order Transferring Case to District of Colorado and Denying Motion for Subpoena Without Prejudice** |

Petitioner Aimee Lynn O'Neil petitions for a writ of habeas corpus under 28 U.S.C. § 2241[1] to challenge her 2013 Colorado state-court conviction. She also moves for a subpoena.[2] Because I lack personal jurisdiction over Weld County, I transfer this case to the District of Colorado and deny without prejudice O'Neil's subpoena motion.

## Background

O'Neil challenges a 2013 conviction and sentence imposed by the District Court of Weld County, Colorado.[3] O'Neil pleaded guilty under a plea agreement to one felony count of attempt to influence a public servant and one misdemeanor count of false reporting.[4] The sentencing court placed her on a two-year deferred judgment and sentence on the felony count to be supervised by the probation department. The following year, O'Neil violated the conditions of her probation and a revocation complaint was filed. In July 2016, the sentencing court entered a conviction on the felony count, revoked her probation, accepted her guilty plea to the revocation complaint, and placed her back on probation for two years. Three months later, a new revocation complaint was filed. In November 2017, the sentencing court found that O'Neil had violated the terms of her probation, revoked her probation, and sentenced her to two years in the custody of

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] *State of Colorado v. O'Neil*, Case No. 13CR539.

[4] ECF No. 1-1 at 67–68.

the Colorado Department of Corrections. O'Neil appealed to the Colorado Court of Appeals.[5] However, the sentencing court's ruling was affirmed on March 12, 2020.[6]

O'Neil filed her habeas petition on April 8, 2020. She claims that her attorney committed legal malpractice and violated her right to counsel by failing to exercise the minimal duty of care.[7] She asks this Court to reverse the decision of the Colorado Court of Appeals.[8]

**Discussion**

A petitioner must name her "custodian" as the respondent in a federal habeas petition.[9] The proper respondent "is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."[10] When the petitioner is on probation or parole, the petitioner must name her supervising officer and "the official in charge of the parole or probation agency, or the state correctional agency" as respondents.[11]

Federal courts are courts of limited jurisdiction.[12] Each "is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act."[13] "Federal courts have authority to grant writs of habeas corpus '*within their respective jurisdictions.*'"[14] Habeas actions are no different than other federal civil actions—a district court must have personal jurisdiction over a petitioner's custodian to proceed.[15] When a petitioner

---

[5] *O'Neil v. State of Colorado*, Case No. 18CA228.

[6] ECF No. 1-1 at 73.

[7] *Id.* at 6.

[8] *Id.* at 7.

[9] Rule 2(a) of the Rules Governing Section § 2254 Cases (hereinafter Habeas Rule or Habeas Rules); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (stating default rule that "proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'") (quoting 28 U.S.C. § 2242)).

[10] Habeas Rule 2(a), 1976 advisory committee's note.

[11] *Id. See also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that proper respondents were members of state parole board).

[12] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[13] *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

[14] *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241 (emphasis added)); *Gouveia v. Espinda*, 926 F.3d 1102, 1108 (9th Cir. 2019).

[15] *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973).

names a respondent who is outside of the district court's territorial limits, the court lacks personal jurisdiction over that respondent.[16]

If a petitioner files a habeas petition with a district court that lacks jurisdiction, that court may transfer the petition to another district court with jurisdiction, "if it is in the interest of justice."[17] Normally transfer—rather than dismissal—will be in the interest of justice "because dismissal of an action that could be brought elsewhere is " time-consuming and justice-defeating.'"[18]

O'Neil's habeas petition is plagued with multiple defects. First, she filed a § 2241 petition to challenge her conviction.[19] Because she alleges that she was convicted and paroled under a Colorado state-court judgment of conviction, the only proper basis for her habeas petition is 28 U.S.C. § 2254.[20] Second, she has not properly named a Colorado official or agency as respondent. The petition names Weld County—the county where she was convicted—as respondent, rather than her supervising parole officer or a state official in charge of parole within the Colorado Department of Corrections. Third, and most importantly, the District of Nevada lacks personal jurisdiction over Weld County as well as any state officer or official from the Colorado Department of Corrections. Based on the current record, I am unable to determine whether dismissal without prejudice would materially impact the analysis of the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice. Since the petition could have been filed in the District of Colorado, I transfer this habeas action there in the interests of justice.[21]

---

[16] *Malone*, 165 F.3d at 1237.

[17] 28 U.S.C. § 1631.

[18] *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

[19] *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

[20] Although O'Neil was not incarcerated when she filed her petition, "she remains in 'custody' for purposes of habeas jurisdiction while she is on parole." *Goldyn v. Hayes*, 444 F.3d 1062, 1064 n.2 (9th Cir. 2006) (citing *Jones v. Cunningham,* 371 U.S. 236, 243 (1963)).

[21] Because I transfer the petition to the District of Colorado, I defer initial screening under Habeas Rule 4 to the transferee court. By transferring the petition, I do not explicitly or

IT IS THEREFORE ORDERED that Aimee Lynn O'Neil's Petition for Writ of Habeas Corpus **(ECF No. 1-1) is TRANSFERRED to the United States District Court for the District of Colorado.**

IT IS FURTHER ORDERED that O'Neil's Motion for Subpoena **(ECF No. 4) is DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

Dated: May 13, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

implicitly find that the petition is free of deficiencies, procedural or otherwise.